PER CURIAM.
Appellants Rolemco Electrical Contracting (employer) and State Auto Mutual Insurance Company (carrier), appeal the order of the judge of compensation claims (JCC) authorizing total hip replacement surgery for the appellee/claimant Ramon Sellers. We reverse.
The parties stipulated that claimant, Ramon Sellers, was involved in a compensable automobile accident on June 24, 1991, while in the employ of appellee Rolemco Electrical Contracting. The employer/carrier (e/e) accepted the compensability of claimant’s back and neck injuries (not at issue in this appeal) but contested the compensability of claimant’s aseptic necrosis of the left hip.
Claimant testified that he had no hip or back problems prior to the accident. As an electrician’s helper, claimant’s duties inelud- *316 ed stooping, bending and digging. Claimant was formerly employed at a golf course, where his duties included cutting grass, weeding and digging holes for irrigation. Claimant said he had no problems performing this work. Claimant, who was not wearing his seat belt at the time of the accident, testified that the impact caused his left hip to strike bare metal on the driver’s side door at a point where the door handle would have been located had it not been missing.
After the accident, claimant was unable to walk without limping and was advised not to work by his physician, Dr. Cohen. Dr. Cohen determined that claimant was suffering from a preexisting condition known as aseptic necrosis, involving a loss of blood supply to claimant’s left hip. The condition is one which causes the deterioration of the bone and the development of arthritic changes in the joint. Although such a condition may also be caused by trauma, the uncontroverted medical testimony in this case showed that claimant’s aseptic necrosis of the left hip was caused by claimant’s alcohol consumption, even though the condition may have been asymptomatic prior to the accident. Claimant admitted to having attended meetings of Alcoholics Anonymous, and to drinking most of his adult life, mostly on weekends, but stated that he had not consumed any alcohol for 2⅜ years prior to the hearing.
The JCC, in reliance on our opinion in Roth Brothers of Florida v. Spodris, 451 So.2d 947 (Fla. 1st DCA 1984), issued an order approving total hip replacement surgery, as recommended by Dr. Cohen. We recognize that in Roth Brothers v. Spodris we approved the deputy commissioner’s authorization of hip surgery necessitated by the claimant’s noncompensable aseptic necrosis on the ground that one of the primary purposes of such surgery was the removal of a hindrance to recovery from claimant’s com-pensable back injury. We are also cognizant of the well established rule that where a preexisting condition is aggravated by a com-pensable accident, the exacerbation of the preexisting condition is itself compensable. See Urban v. Morris Drywall Spray, 595 So.2d 60, 61 (Fla. 1st DCA 1991).
Nonetheless, in the present case, we agree with the e/c’s contention that Roth Brothers v. Spodris does not compel authorization of hip replacement surgery. Roth Brothers is distinguishable from the instant case because the opinion does not indicate that Spodris’ aseptic necrosis was caused by alcoholism, nor does the opinion indicate that the e/c raised an “alcoholism” defense based upon the application of Section 440.02(1), Florida Statutes (1983).[1]
In the instant case, the e/c presented a defense based upon the application of Section 440.02(1), Florida Statutes (1991), which provides in pertinent part:
“Accident” means only an unexpected or unusual event or result, happening sudden-ly_ [Disability ... due to an accidental acceleration or aggravation ... of a disease due to the habitual use of alcohol ..., shall be deemed not to be an injury by accident arising out of the employment. Where a preexisting disease ... is accelerated or aggravated by an accident arising out of and in the course of employment, only acceleration of death or acceleration or aggravation of the preexisting condition reasonably attributable to the accident shall be compensable, with respect to death or permanent impairment, (emphasis added).
The medical testimony that claimant’s preexisting aseptic necrosis was caused by the habitual use of alcohol is undisputed. Under the plain terms of this statute, the aggravation is not compensable. In so finding, we do not recede from our opinion in Urban v. Morris Drywall Spray which we also find distinguishable on the ground that the “alcoholism” defense was not implicated.
REVERSED.
MINER, MICKLE and DAVIS, JJ., concur.

. Although our opinion in Roth Brothers does not state the date of Spodris’ compensable accident, we note that the "alcoholism" defense upon which the e/c presently relies has been continuously available for at least fifty years.