686 So.2d 724 (1997)
Judy HENSLEY, Appellant,
v.
PUNTA GORDA and Gallagher Bassett Service, Appellees.
No. 96-358.
District Court of Appeal of Florida, First District.
January 6, 1997.
*725 Alex Lancaster and Amy L. Sergent of Lancaster & Eure, Sarasota, for Appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, for Appellees.
KAHN, Judge.
Judy Hensley, appellant and claimant in this workers' compensation matter, asks us to rule that section 440.02(1) Florida Statutes (Supp.1994), does not comport with the requirements of Title I of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12111-12117.[1] We conclude, however, that Hensley has failed to demonstrate her entitlement to the protection of the ADA. Moreover, she has failed to demonstrate that section 440.02(1) is inconsistent with, and therefore preempted by, the ADA. Accordingly, we affirm the order of the Judge of Compensation Claims which denied compensability for Hensley's psychiatric injury.
For purposes of this appeal, the pertinent provision of section 440.02(1), Florida Statutes (Supp.1994) provides:
A mental or nervous injury due to stress, fright, or excitement ... is not an injury by accident arising out of the employment.
Hensley contends that she was exposed to recurring sexual harassment and hostility in her work environment as an administrative secretary for the City of Punta Gorda Public Works Department. She brought a workers' compensation claim seeking temporary total or temporary partial disability benefits from September 1994 and continuing. Hensley and the City stipulated that Hensley developed a psychiatric injury as a result of her work environment. The parties further stipulated that Hensley did not sustain a physical injury resulting in her psychiatric condition. At the hearing below held on November 27, 1995, the only issue presented was whether claimant's psychiatric condition was compensable under the Florida Workers' Compensation Law. Relying upon section 440.02(1), Florida Statutes, and City of Holmes Beach v. Grace, 598 So.2d 71 (Fla. 1992), the judge of compensation claims ruled that Hensley's psychiatric condition is not compensable.[2]
As an administrative officer vested with only certain limited quasi-judicial powers, a judge of compensation claims does not have jurisdiction to declare a portion of the Florida Workers' Compensation Act unconstitutional or violative of a federal statute. Sasso v. Ram Property Management, 431 So.2d 204, 207-208 (Fla. 1st DCA 1983), approved 452 So.2d 932 (Fla.1984). Accordingly, this court has jurisdiction to consider such claims in the first instance. Id. Nonetheless, in cases such as the present one, the record must clearly indicate the appellant's standing to raise the issue of the unconstitutionality or invalidity of a specific section of the law. Id. This rule is all the more valid in a case such as the one now before us where appellant is asserting her rights under the ADA, rather than making a facial constitutional challenge to a portion of the Florida Workers' Compensation Law. This is so because the ADA requires individualized determinations *726 of entitlement. See 42 U.S.C.A. § 12102(2)(A); Homeyer v. Stanley Tulchin Associates, Inc., 91 F.3d 959 (7th Cir.1996).

I. "Qualified Individual with a Disability"
The operative portion of the ADA, 42 U.S.C., section 12112(a), provides:
No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.[3]
The Florida Supreme Court has recently explained that this portion of the ADA is "sufficiently broad to encompass the entitlement to workers' compensation benefits." Barry v. Burdines, 675 So.2d 587, 589 (Fla.1996).
One seeking relief under the employment provisions of the ADA (Title I) must demonstrate that she is a "qualified individual with a disability" and has been discriminated against because of the disability. Cramer v. Florida, 885 F.Supp. 1545 (M.D.Fla.1995); Cheatwood v. Roanoke Industries, 891 F.Supp. 1528 (N.D.Ala.1985); Mears v. Gulfstream Aerospace Corp., 905 F.Supp. 1075 (S.D.Ga.1995), aff'd, 87 F.3d 1331 (11th Cir. 1996). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The term "essential functions" means the fundamental job duties of the employment position. 29 C.F.R. § 1630.2(n)(1). Consideration must be given to the employer's judgment of what functions of a job are essential. 42 U.S.C. § 12111(8); Cheatwood.
Significantly for the present case, the provisions concerning "qualified individual with a disability" contain no reference to an individual's future ability to perform the essential functions of a job position; rather, they are formulated entirely in the present tense. Cheatwood. If an ADA claimant cannot perform the essential functions of the job, such claimant is not entitled to the protection of the ADA. In Mears, the court held that where a plaintiff states that she cannot go back to a job site and her presence at the job site is "essential" to performing her job, she is not "qualified" to perform the essential functions of her job and may not bring an action for discrimination under the ADA. See also, Dockery v. North Shore Medical Center, 909 F.Supp. 1550 (S.D.Fla.1995); Smith v. Blue Cross Blue Shield of Kansas, Inc., 894 F.Supp. 1463 (D.Kan.1995).
In the case before us, the record is not susceptible of an inference that Hensley is a qualified individual with a disability. At the hearing below she presented no testimony as to what functions of the job are essential, or whether or not she could perform the job. Moreover, we find her claim for protection under Title I of the ADA inconsistent with the fact that in this very proceeding she is seeking either temporary total or temporary partial disability benefits. Disability under the Florida Workers' Compensation Law presupposes that claimant is unable, by reason of her injury, to successfully perform all the functions of her previous job. § 440.02(11), Fla.Stat. (Supp.1994) ("Disability" means incapacity because of injury to earn in the same or any other employment the wages employee earned at the time of injury).
Because Hensley has not established her status as a qualified individual with a disability, she may not seek relief under the employment provisions of the ADA. See, Reiff v. Interim Personnel, Inc., 906 F.Supp. 1280, 1292 (D.Minn.1995) (Claimant's representation that he is "totally disabled" and ADA's definition of "qualified individual with a disability" are "mutually exclusive.")

II. ADA Preemption
Even if the record allowed Hensley to maintain her challenge, or if we viewed this purely as a challenge to the facial validity of section 440.02(1), we would nonetheless affirm the order on appeal. Section *727 440.02(1) is not preempted by the requirements of Title I of the ADA because the Florida statutory provision at issue does not directly conflict with the provisions of the ADA. Although entitlement to Florida workers' compensation benefits is subject to the anti-discrimination provisions of the ADA, it does not follow that the ADA necessarily preempts Florida's workers' compensation laws. Barry; Harding v. Winn-Dixie Stores, Inc., 907 F.Supp. 386 (M.D.Fla. 1995).
Here, the ends served by the statutory provision challenged by Hensley on the one hand, and the ADA on the other hand, are strikingly different. The Florida Workers' Compensation Law is intended "to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the workers' return to gainful reemployment at a reasonable cost to the employer." § 440.015, Fla.Stat. (Supp.1994). Thus, our workers' compensation act is designed in major part to assist the employee who, by reason of industrial injury, is unable to return to her customary work. The law seeks to provide medical payments and, in some cases, a disability stipend, while, at the same time, facilitating the injured worker's return to employment.
The ADA is intended first and foremost "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C., § 12101(b). The employment provisions of the ADA are "intended to prevent the prejudicial treatment of disabled persons and to allow such persons to compete in the workplace." Barry, 675 So.2d at 589. Thus, as our Supreme Court noted, the ADA and the Florida Workers' Compensation Act "were designed to fulfill different goals." Id. Moreover, and as the Barry court further noted, "the ADA does not purport to guarantee equal rights to workers' compensation benefits for all handicapped persons regardless of their varying abilities to work." Id.
The general lack of conflict between state workers' compensation laws and the ADA has been highlighted by at least one commentator:
Typically, a workers' compensation statute indemnifies an employee for medical expenses and loss of earning capacity associated with a work-related injury or condition. Conversely, the ADA, like many state statutes, insures that an employee realizes his or her earning potential. There is thus no conflict between the purposes of the two different kinds of statutes, nor would there ordinarily be any conflicting duties imposed on employers.
Perritt, Americans With Disabilities Act Handbook, § 5.12A (2d Ed.). The United States Equal Employment Opportunity Commission recognizes as much:
In most cases, the definition of disability under state workers' compensation laws differs from that under the ADA, because the state laws serve a different purpose. Workers' compensation laws are designed to provide needed assistance to workers who suffer many kinds of injuries, whereas the ADA's purpose is to protect people from discrimination on the basis of disability.
U.S. Equal Employment Opportunity Comm'n, A Technical Assistance Manual on the Employment Provisions (Title I) of the Americans with Disabilities Act, § 9.2 (1992).
The statutory section under review today, section 440.02(1), Florida Statutes (Supp.1994), excludes certain mental or nervous injuries from Florida's definition of "injury by accident arising out of the employment." Contrary to Hensley's argument, she has not suffered discrimination by virtue of having a psychiatric illness; rather, she is unable, under the terms of Florida's act, to prove that she suffered an injury by accident so as to be covered by workers' compensation. So long as this restriction bears a rational relationship to a legitimate state interest, the restriction is valid. Winn-Dixie v. Resnikoff, 659 So.2d 1297, 1299 (Fla. 1st DCA 1995). In crafting an overall plan of workers' compensation, the Florida Legislature has apparently decided, in order to implement the stated intent of section 440.015, that some exclusions from coverage are necessary. The stress, fright, or excitement exclusion now before us, is but one of several. *728 See, e.g., § 440.02(32), Fla.Stat. (Supp.1994) (injury or death compensable only if "work performed in the course and scope of employment is the major contributing cause."); § 440.09(1)(a), Fla.Stat. (Supp.1994) (no compensation required for any subsequent injury the employee suffers as a result of an original injury arising out of and in the course of employment unless the original injury is the major contributing cause of the subsequent injury); Zundell v. Dade County School Bd., 636 So.2d 8, 10 (Fla.1994) (Under rule of Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581, 588 (Fla.1961), claimant whose preexisting cardiovascular condition may have been exacerbated by work or conditions on the job may not recover "without first showing that the injury occurred during a job-related exertion over and above normal working conditions.").
We find no inconsistency between the goals of the ADA and Florida's decision to exclude from workers' compensation coverage mental or nervous injuries unrelated to compensable physical injury. We anticipate that instances of actual conflict between the ADA and our workers' compensation act will be rare. This is so because of the differing goals of the two laws, as discussed above. The Florida Workers' Compensation Law provides payments and medical coverage for injured workers who suffer, by reason of such injuries, changes in their employment status. The ADA provides no such protection, and rather, seeks to remove artificial and unnecessary barriers to employment, where such barriers are based upon unreasonable discrimination. Barry, 675 So.2d at 589. By its own terms, nothing in the ADA "shall be construed to invalidate or limit the remedies, rights and procedures of any federal law or law of any state or political subdivision of any state or jurisdiction that provides greater or equal protection for the rights of individuals with disabilities than are afforded by (the ADA)." 42 U.S.C. § 12201(b). Because no provision of Title I of the ADA purports to aid an injured worker such as Hensley in her desire to obtain benefits, we find no conflict between the ADA and section 440.02(1). Here, Hensley does not "contend that (s)he has been denied any benefits `by reason of any disability. Rather, (s)he asserts, fundamentally, that on account of (her) disability, (s)he is due benefits that have not been provided. Such a claim, quite simply, is not cognizable under the ADA." McDonald v. Commonwealth of Massachusetts, 901 F.Supp. 471, 479 (D.Mass.1995)
AFFIRMED.
ERVIN and DAVIS, JJ., concur.
NOTES
[1] In her issue on appeal, claimant Hensley also argues that section 440.09, Florida Statutes (Supp.1994), violates Title I of the ADA. Nowhere in the brief, however, has Hensley identified which portion of section 440.09 runs afoul of the ADA. The only portion of section 440.09 that expressly treats mental or nervous injuries appears in section 440.09(1), and provides that mental or nervous injuries "occurring as a manifestation of an injury compensable under this section" must be demonstrated by clear and convincing evidence. It is undisputed in this appeal that Hensley's mental condition has not resulted from a compensable physical injury.

Also, at various places in her brief, Hensley has made reference to Title II of the ADA, 42 U.S.C. §§ 12131-12165. She has not, however, discretely articulated a Title II violation. Moreover, the point on appeal as set out in appellant's brief is limited to an alleged violation of Title I of the ADA. For these reasons, the inquiry in this appeal is limited to the question of whether section 440.02(1). Florida Statutes (Supp.1994) violates the requirements of Title I of the ADA.
[2] In Grace, the supreme court construed section 440.02(1) to limit compensability of psychiatric injuries to those cases in which physical injury suffered by the claimant is a cause of the mental or nervous injury.
[3] We do not reach the question of whether the employer here is a "covered entity" for ADA purposes. 42 U.S.C. § 12111(2), (5). We do note, however, that a right to relief under Title I would require a showing of illegal discrimination by a covered entity.