PER CURIAM.
In this workers’ compensation case, the claimant seeks review of an order denying a request for authorization of bilateral hip replacements. The judge of compensation claims found that the hip replacements were necessitated by bilateral avascular necrosis, which “was caused, at least in part, by the habitual use of alcohol.” He then applied section 440.02(1), Florida Statutes (1995), which, in pertinent part, *588 provides that “disability or death due to the accidental acceleration or aggravation ... of a disease due to the habitual use of alcohol ... is not an injury by accident arising out of the employment.” The claimant asserts that the denial of authorization for the bilateral hip replacements was error because (1) section 440.02(1) is preempted by the Americans with Disabilities Act; (2) on its face, section 440.02(1) violates the equal protection clauses of the state and federal constitutions; and (3) section 440.02(1) may not be applied unless habitual use of alcohol was at least the major contributing cause of the condition and need for treatment. We affirm.
The claimant argues that section 440.02(1) is preempted by virtue of both Title I (42 U.S.C. §§ 12111-12117) and Title II (42 U.S.C. §§ 12131-12165) of the Americans with Disabilities Act (ADA). We have previously concluded that Title I of the ADA does not preempt section 440.02(1). Hensley v. Punta Gorda, 686 So.2d 724 (Fla. 1st DCA 1997). Nothing presented by the claimant persuades us either that we should recede from Hensley, or that the analysis in Hensley does not apply with equal force to the Title II argument. Accordingly, we hold that section 440.02(1) is not preempted by the ADA.
The claimant’s equal protection argument is based principally upon the assertion that a heightened scrutiny test, rather than the rational basis test, must be applied because the ADA “has afforded disabled people the status of a protected class.” We rejected this argument in Winn Dixie v. Resnikoff, 659 So.2d 1297 (Fla. 1st DCA 1995), and we see no reason to revisit that decision. We conclude that section 440.02(1) passes the rational basis test. Accordingly, we hold that it does not facially violate the equal protection clause of either the state or the federal constitution.
Finally, the claimant argues that section 440.02(1) may not be applied to bar recovery unless habitual use of alcohol was at least the major contributing cause of the condition and need for treatment. He argues, further, that such a standard was not met in this case because it was undisputed that his bilateral, avascular necrosis had been asymptomatic before the industrial accident. It is apparent from the order of the judge of compensation claims that he was of the opinion that the claimant’s bilateral avascular necrosis was the result of habitual use of alcohol, but that it had been aggravated or accelerated by the industrial accident. The clear language of section 440.02(1) precludes recovery in such a situation. We have previously so held. Rolemco Elec. Contracting v. Sellers, 637 So.2d 315 (Fla. 1st DCA 1994).
The decision of the judge of compensation claims is affirmed.
AFFIRMED.
BARFIELD, C.J., BOOTH and WEBSTER, JJ., CONCUR.