PER CURIAM.
The widow of Juan Lopez appeals an order of the Judge of Compensation Claims which found that the monetary limits of section 440.16(7) apply to a claim for survivor’s benefits. We reverse.
The claimant applied for death benefits in the amount of $100,000, the maximum allowed under section 440.16(l)(b). The employer/carrier sought to limit the total amount of claimant’s potential recovery to $50,000 in accordance with section 440.16(7), which imposes that limit on the claim of “aliens not residents (or about to become nonresidents) of the United States or Canada.” ' The widow is apparently a citizen and resident of Mexico. It was noted that an earlier version of the statute was held unconstitutional in DeAyala v. Florida Farm Bureau Casualty Insurance, 543 So.2d 204 (Fla.1989). However, the 1987 Florida Legislature had amended the statute by increasing the amount payable to nonresident aliens, but still leaving that amount to be less than that payable to residents of the United States and Canada. The Judge of Compensation Claims noted that she did not have jurisdiction to declare a provision of the Florida Workers’ Compensation Act unconstitutional, Hensley v. Punta Gorda, 686 So.2d 724 (Fla. 1st DCA 1997), and accordingly held for the employer/carrier on this issue.
We reverse, finding that the monetary limitation of the current version of section 440.16(7) is unconstitutional in light' of the unambiguous holding of DeAyala. The cause is remanded for further proceedings t regarding the claim for survivor’s benefits.
REVERSED AND REMANDED.
WOLF, KAHN and BENTON, JJ„ concur.