PER CURIAM.
In reaction to the Florida Supreme Court’s decision in Murray v. Manner Health, 994 So.2d 1051 (Fla.2008), the Legislature enacted Council Substitute for House Bill 903, which took effect on July 1, 2009. Ch. 2009-94, § 1, at 1351-52, Laws of Fla. The new law amended section 440.34, Florida Statutes (2008), by deleting “reasonable” before “attorney’s fees” in subsections (1) and (3), and by inserting in subsection (3) the phrase “in an amount equal to the amount provided for in subsection (1) or subsection (7).” Id.
In this case, the Judge of Compensation Claims (JCC) found the Employer/Carrier responsible for Claimant’s attorney’s fees pursuant to section 440.34(3), Florida Statutes (2009), and found a reasonable attorney’s fee to be $25,075.00. The JCC nevertheless concluded that the amended statute limited the fee to a percentage of benefits obtained, and awarded Claimant’s attorney a fee of $684.41 for obtaining $3,417.03 in benefits. Claimant has appealed, arguing the JCC misinterpreted section 440.34, Florida Statutes (2009), and that, if he interpreted the amended statute correctly, the law is now unconstitutional.
We reject Claimant’s argument that section 440.34 allows attorney’s fees exceeding an amount resulting from application of the formula set forth in section 440.34(1) when the fee is “awarded” rather than merely “approved” by the JCC. Although section 440.34(1) provides that a fee may not be paid for a claimant unless approved by the JCC, section 440.34(3) provides that a claimant is entitled to recover a fee from an Employer/Carrier “in an amount equal to the amount provided for in subsection (1) or subsection (7).” Except in cases where section 440.34(7) applies,[1] the statute limits claimants’ attorney’s fees to a percentage of benefits obtained, based on the formula set forth in subsection (1), and does so regardless of whether the fee is awarded, or simply approved, by the JCC.
We reject Claimant’s equal protection, due process, separation of powers, and access to courts challenges to the amended *921 statute for the same reasons we rejected similar challenges to section 440.34, as previously amended in 2003, in Lundy v. Four Seasons Ocean Grand Palm Beach, 932 So.2d 506 (Fla. 1st DCA 2006). We are, of course, aware that in quashing this court’s decision in Murray v. Manners Health/ACE USA, 946 So.2d 38 (Fla. 1st DCA 2006), the Florida Supreme Court also disapproved of this court’s decisions in Lundy, Campbell v. Aramark, 933 So.2d 1255 (Fla. 1st DCA 2006), and Wood v. Florida Rock Industries, 929 So.2d 542 (Fla. 1st DCA 2006). Murray, 994 So.2d at 1062. The supreme court did not address any constitutional issues in Murray, see id. at 1053, however, and did not cast any doubt on the reasoning used in Lundy, Campbell, and Wood, in rejecting constitutional claims like those made here.
Although the Employer/Carrier argues — not without force — that Claimant, who is, after all, represented by able counsel, does not for that reason have standing to raise these constitutional arguments, our supreme court at least implicitly concluded in Murray that a workers’ compensation claimant has standing to challenge the validity of the fee provisions in section 440.34, even though she herself is adequately represented by counsel., See Murray, 994 So.2d at 1053.
Affirmed.
BENTON, C.J., DAVIS, and THOMAS, JJ., concur.

. Section 440.34(7) pertains to attorney's fees in disputed medical-only claims and does not apply in this case.