WETHERELL, J.,
concurring.
I agree that sections 440.105(3)(c) and 440.34are unconstitutional as applied here because the statutes had the effect of precluding the claimant from contracting with an attorney to defend the action brought by the E/C to tax its prevailing-party costs against the claimant pursuant to section 440.34(3). The statutes had this effect because 1) even if the attorney was successful in defense of the action to tax costs, the attorney would not have secured any workers’ compensation benefits for the claimant; 2) without any “benefits secured,” there is no basis for the JCC to approve a fee for the claimant’s attorney; and 3) without JCC approval, it is unlawful for the attorney to accept a fee even if (as evinced by the retainer agreement in this case) the claimant wanted to pay the fee. As explained in the majority opinion, no compelling governmental interest is served by this impairment of the claimant’s right to contract.
This does not mean that these statutes are unconstitutional in other circumstances, nor in my view should the majority opinion be construed or applied to reach such a conclusion. Indeed, this Court has consistently rejected constitutional challenges to the statutory limitations on the amount of fees the JCC can award (or approve) under section 440.34 based on the benefits secured for the claimant by the attorney. See, e.g., Kauffman v. Community Inclusions, Inc., 57 So.3d 919, 920-21 (Fla. 1st DCA) (citing cases), rev. denied, 68 So.3d 234 (Fla.2011). I do not read the *1053 majority opinion to undermine the continued viability of those decisions or to call into doubt the validity of the statutory limitations on claimant-paid fees generally because the compelling governmental interests that were absent here (see majority opin. at 10-12) are directly implicated in cases where the attorney’s fee is paid by the claimant out of the benefits awarded, or by the E/C. See Lundy v. Four Seasons Ocean Grand Palm Beach, 932 So.2d 506, 510 (Fla. 1st DCA 2006) (rejecting argument that attorney’s fee limits in section 440.34(1) unconstitutionally impair the claimant’s right to contract because the limits “were enacted to protect the public welfare by ensuring that a worker is able to retain a substantial portion of awarded benefits so as to prevent the burden of support for that worker from being cast upon society”), disapproved on other grounds by Murray v. Mariner Health, 994 So.2d 1051 (Fla.2008).
With these observations as to the narrow scope of the holding in this case, I join the majority opinion.