BENTON, J.
Constrained by the statutory formula set forth in section 440.34(1), Florida Statutes (2009), the judge of compensation claims awarded claimant’s counsel an attorney’s fee of only $164.54 for 107.2 hours of legal work reasonably necessary to secure the claimant’s workers’ compensation benefits. We do not disagree with the learned judge of compensation claims that the statute required this result, and are ourselves bound by precedent to uphold the award, however inadequate it may be as a practical matter.
The judge of compensation claims, as an executive branch adjudicator, was without authority to declare section 440.34 unconstitutional. See Barr v. Watts, 70 So.2d 347, 350-51 (Fla.1953); State ex rel. Atl. Coast Line Ry. Co. v. State Bd. of Equalizers, 84 Fla. 592, 94 So. 681, 683 (1922) (holding the “right to declare an act unconstitutional ... cannot be exercised by the officers of the executive department under the guise of the observance of their oath of office to support the Constitution”); Ariston v. Allied Bldg. Crafts, 825 So.2d 435, 438 (Fla. 1st DCA 2002) (“A JCC clearly does not have jurisdiction to declare a state statute unconstitutional or violative of federal law.”); Hensley v. Punta Gorda, 686 So.2d 724, 725 (Fla. 1st DCA 1997) (“As an administrative officer vested with only certain limited quasi-judicial powers, a judge of compensation claims does not have jurisdiction to declare a portion of the Florida Workers’ Compensation Act unconstitutional or violative of a federal statute.”).
The constitutional validity of a statute governing administrative proceedings is instead a question for the reviewing court. “Accordingly, this court has jurisdiction to consider such claims in the first instance.” Id. (citing Sasso v. Ram Prop. Mgmt., 431 So.2d 204, 207-08 (Fla. 1st DCA 1983), approved 452 So.2d 932 (Fla.1984)). See Anderson Columbia v. Brown, 902 So.2d 838, 841 (Fla. 1st DCA 2005) (“The JCC and the parties recognized that *394 the JCC does not have jurisdiction to address the constitutionality of a statutory provision. Thus, the claimant’s opportunity to mount a constitutional challenge would be on direct appeal of the attorney’s fee order.” (citation omitted)); Grabau v. Dep’t of Health, Bd. of Psychology, 816 So.2d 701, 706-07 (Fla. 1st DCA 2002) (“The facial unconstitutionality of a statute may be raised in a district court of appeal on direct review under section 120.68, Florida Statutes, after an aggrieved party completes the administrative process. Key Haven Associated Enterprises, Inc. v. Board of Trustees of Internal Improvement Trust Fund, 427 So.2d 158, 157 (Fla.1982).”). See also Cafe Erotica v. Fla. Dep’t of Transp., 880 So.2d 181, 183 (Fla. 1st DCA 2002) (holding party need not argue the facial unconstitutionality of a statute before an administrative tribunal for the issue to be cognizable on direct appeal); Lee Cnty. v. Zemel, 675 So.2d 1378, 1381 (Fla. 2d DCA 1996) (holding that appellees should have raised their due process claims on direct appeal of the administrative order rather than filing a subsequent action in circuit court).
In reaching our decision today, we have therefore considered claimant’s arguments that section 440.34 should be deemed in violation of several constitutional provisions. Based on our precedent, however, we are bound to conclude that the statute is constitutional, both on its face and as applied. See Kauffman v. Cmty. Inclusions, Inc./Guarantee Ins. Co., 57 So.3d 919, 920-21 (Fla. 1st DCA 2011); Campbell v. Aramark & Speciality Risk Servs., 933 So.2d 1255, 1256 (Fla. 1st DCA 2006), disapproved on other grounds by Murray v. Mariner Health, 994 So.2d 1051, 1062 (Fla.2008); Lundy v. Four Seasons Ocean Grand Palm Beach, 932 So.2d 506, 509-10 (Fla. 1st DCA 2006), disapproved on other grounds by Murray, 994 So.2d at 1062; Wood v. Fla. Rock Indus. & Crawford & Co., 929 So.2d 542, 545 (Fla. 1st DCA 2006), disapproved on other grounds by Murray, 994 So.2d at 1062. In Kauffman, we recognized that section 440.34 was amended in 2009 in response to the supreme court’s decision in Murray and noted that although Murray disapproved of this court’s decisions in Lundy, Campbell, and Wood, the supreme court did not address any constitutional issues in Murray and “did not cast any doubt on the reasoning used in Lundy, Campbell, and Wood, in rejecting constitutional claims like those made herein.” 57 So.3d at 921.
In the circumstances, we certify to the Florida Supreme Court the following as a question of great public importance:
WHETHER THE AWARD OF ATTORNEY’S FEES IN THIS CASE IS ADEQUATE, AND CONSISTENT WITH THE ACCESS TO COURTS, DUE PROCESS, EQUAL PROTECTION, AND OTHER REQUIREMENTS OF THE FLORIDA AND FEDERAL CONSTITUTIONS.
The fee award is affirmed, and the question of its constitutional adequacy is certified to the supreme court.
Affirmed and question certified.
VAN NORTWICK and PADOVANO, JJ., concur.