IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PIERRE RAYMOND EDMOND,

     Appellant,

v.

AVIS BUDGET GROUP, INC./
CNA CLAIM PLUS,

     Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5945

_____/

Opinion filed October 2, 2015.

An appeal from an order of the Judge of Compensation Claims.
Timothy M. Basquill, Judge.

Date of Accident:  August 15, 2012.

Michael H. Stauder of Michael H. Stauder, Sr., P.A., Jupiter, for Appellant.

H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.L., West Palm Beach, for
Appellees.


PER CURIAM.

     In this workers' compensation case, Claimant appeals the award of a $267.12

attorney's fee payable to Claimant's attorney by the Employer/Carrier (E/C). Under

the provisions of section 440.34, Florida Statutes (2012), the Judge of Compensation

Claims (JCC) awarded the attorney's fee based on Claimant's successful prosecution of a petition for benefits (PFB) resulting in the payment of $1,335.58 in temporary disability benefits. On April 22, 2015, after the initial brief was filed in this appeal, this Court issued an order directing Claimant to show cause why the order on appeal should not be affirmed based on the decision in Castellanos v. Next Door Co., 124 So. 3d 392 (Fla. 1st DCA 2013), with an accompanying certification that the Court is passing upon the same question certified in Castellanos. After receiving Claimant's response to the show cause order, this Court issued an order on May 6, 2015, acknowledging Claimant's concession that the constitutional challenges raised in Issues I and III on appeal are controlled by Castellanos and directing further arguments to the disposition of Issue II raised on appeal: specifically, the issue of whether the JCC erred by failing to consider the claim for attorney's fees to Claimant's counsel for establishing entitlement to an attorney's fee.

With regard to Issue II, Claimant argues that the JCC erred by failing to award a reasonable attorney's fee for his efforts necessary to establish entitlement to the attorney's fees awarded under section 440.34 (often referred to as "fees on fees"). The E/C disputes Claimant's entitlement to "fees on fees" as well as the amount of any such fee. Notably, the JCC here permitted Claimant to amend his attorney's fee claim to include additional fees related to fee entitlement, but ultimately did not expressly rule on the issue. Without a ruling, this Court is unable to determine if the

2

JCC considered the claim for additional fees when he awarded a carrier-paid fee based on a percentage of the benefits secured under section 440.34. As a result, it is necessary to reverse and remand for a ruling on this issue. See Betancourt v. Sears Roebuck & Co., 693 So. 2d 680, 681-82 (Fla. 1st DCA 1997) (explaining JCC's failure to rule on litigated issue is reversible error).

In sum, based on this Court's decision in Castellanos, we AFFIRM the order with regard to the constitutional issues raised in Issues I and III on appeal. In so doing, we certify that our disposition of Issues I and III in the instant case passes upon the same question we certified in Castellanos. Id. at 394. See Jollie v. State, 405 So. 2d 418, 421 n.* (Fla. 1981). In light of the JCC's failure to rule, we REVERSE and REMAND the "fees on fees" issue raised in Issue II.

ROBERTS, C.J., THOMAS and RAY, JJ., CONCUR.