# Supreme Court of Florida

_____

No. SC14-1916
_____

**HENRY DIAZ,**
Petitioner,

vs.

**PALMETTO GENERAL HOSPITAL, et al.,**
Respondents.

[April 28, 2016]

PER CURIAM.

This complex workers' compensation case is before this Court for review of the decision of the First District Court of Appeal in <u>Diaz v. Palmetto General Hospital/Sedgwick CMS</u>, 146 So. 3d 1288 (Fla. 1st DCA 2014), concerning a $13.28 hourly fee award for 120 hours of work deemed to be necessarily and reasonably expended by the claimant's attorney. The judge of compensation claims found the $13.28 hourly fee—over twenty-five times less than the $350 hourly rate found to be a reasonable fee—"patently unreasonable" and stated that the claimant would not have recovered the $8,956.44 in total benefits that were awarded to him without the aid and assistance of counsel. The attorney for the

employer/carrier, on the other hand, spent 175 hours litigating this case—55 hours more than the claimant's attorney—which was found by the judge of compensation claims to be "a reasonable amount of time given the nature of the case."

Forced to calculate the fee for the claimant's attorney in strict compliance with the conclusive fee schedule in section 440.34, Florida Statutes, the judge of compensation claims could not deviate from the statutory requirements regardless of how unreasonable the ultimate fee award. And, constrained by its prior jurisprudence, the First District was compelled to affirm the fee "[b]ased on" its decision in Castellanos v. Next Door Co./Amerisure Ins. Co., 124 So. 3d 392, 393 (Fla. 1st DCA 2013). Diaz, 146 So. 3d at 1288.

However, this Court has now held on review of Castellanos that the conclusive statutory fee schedule is unconstitutional as a denial of due process under the Florida and United States Constitutions. Castellanos v. Next Door Co., No. SC13-2082, slip op. at 1-2 (Fla. Apr. 28, 2016). Here, the First District certified that its disposition passed upon the same question certified in Castellanos, 124 So. 3d at 394, which this Court has now resolved.[1] For the reasons explained in our opinion in Castellanos, we therefore quash the First District's decision in Diaz and remand for further proceedings consistent with Castellanos. See also

---

1. We have jurisdiction. See art. V, §§ 3(b)(3), (4), Fla. Const.

<u>Richardson v. Aramark/Sedgwick CMS</u>, No. SC14-738, slip op. at 2-3 (Fla. Apr. 28, 2016); <u>Pfeffer v. Labor Ready Se., Inc.</u>, No. SC14-1325, slip op. at 1-2 (Fla. Apr. 28, 2016).

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur. CANADY and POLSTON, JJ., dissent.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

First District - Case No. 1D14-1676

Kimberly Ann Hill of Kimberly A. Hill, P.L., Fort Lauderdale, Florida,

for Petitioner

Russell Hurley Young of Eraclides, Gelman, Hall, Indek, Goodman & Waters, LLC, Sarasota, Florida,

for Respondents