# Supreme Court of Florida

_____

No. SC14-738

_____

**CYNTHIA RICHARDSON,**
Petitioner,

vs.

**ARAMARK/SEDGWICK CMS,**
Respondent.

[April 28, 2016]

PER CURIAM.

This case is before this Court for review of the decision of the First District Court of Appeal in Richardson v. Aramark/Sedgewick CMS, 134 So. 3d 1133, 1134 (Fla. 1st DCA 2014), affirming an attorney's fee award of $19.44 per hour for 90 hours of work reasonably expended by the claimant's attorney in a workers' compensation case. The attorney's fee was calculated in strict compliance with the conclusive statutory fee schedule in section 440.34, Florida Statutes, which does not allow for any deviation from the statutory fee regardless of how unreasonable the ultimate fee award.

Recognizing the statutory constraints, the First District was bound by its prior jurisprudence to uphold such inadequate fee awards. For example, in Castellanos v. Next Door Co./Amerisure Ins. Co., 124 So. 3d 392, 393 (Fla. 1st DCA 2013), the First District reviewed a statutory attorney's fee of "only $164.54 for 107.2 hours of legal work reasonably necessary to secure the claimant's workers' compensation benefits." The First District held that the statute "required this result" and that it was "bound by precedent to uphold the award, however inadequate it may be as a practical matter." Id.

In Castellanos, the First District certified the constitutionality of the workers' compensation attorney's fee provision to this Court as a question of great public importance. Id. at 394. We granted review and, in our opinion in Castellanos, held the statute unconstitutional as a violation of due process under both the Florida and United States Constitutions. Castellanos v. Next Door Co., No. SC13-2082, slip op. at 1-2 (Fla. Apr. 28, 2016). As we explained, the "statute prevents every injured worker from challenging the reasonableness of the fee award in his or her individual case—an issue of serious constitutional concern given the critical importance, as a key feature of the workers' compensation statutory scheme, of a reasonable attorney's fee for the successful claimant." Id. at 6-7.

In this case, the First District affirmed the $1,750 statutory fee award "[b]ased on" <u>Castellanos</u> and certified that its disposition passed upon the same question certified in <u>Castellanos</u>. <u>Richardson</u>, 134 So. 3d at 1134. We accordingly have jurisdiction. <u>See</u> art. V, §§ 3(b)(3), (4), Fla. Const. Because our holding in <u>Castellanos</u> clearly resolves this issue, we quash the First District's decision and remand for further proceedings consistent with <u>Castellanos</u>. <u>See also</u> <u>Pfeffer v. Labor Ready Se., Inc.</u>, No. SC14-1325, slip op. at 1-2 (Fla. Apr. 28, 2016); <u>Diaz v. Palmetto Gen. Hosp.</u>, No. SC14-1916, slip op. at 1-2 (Fla. Apr. 28, 2016).

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
CANADY and POLSTON, JJ., dissent.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

    First District - Case No. 1D13-4138

Richard W. Ervin, III of Fox & Loquasto, P.A., Tallahassee, Florida, and Charles Holden Leo of the Law Offices of Charles H. Leo, P.A., Orlando, Florida,

    for Petitioner

James Henry Wyman of Hinshaw & Culbertson LLP, Coral Gables, Florida,

    for Respondent