O’CONNELL, Justice.
The petitioner-claimant seeks review by certiorari of an adverse order of the Full Commission. The respondent-employer has filed a cross petition for certiorari.
The claimant, while employed by the respondent-hospital as a licensed practical nurse, suffered herniation of a diseased lumbo-sacral disc. The employer accepted the claim as compensable and paid temporary total disability compensation for the period January 8 to February 22, 1960, during which the claimant was absent from work. Following this last date she returned to work at the hospital as a receptionist and continued to be so employed until December 1961 when she voluntarily left the hospital to begin work with a physician as an office nurse and bookkeeper.
*386 Thereupon claimant filed a claim for permanent partial disability and the hospital controverted the claim.
Two hearings were held before the deputy. At the commencement of the first hearing the parties jointly, through their counsel, stipulated before the deputy that the claimant’s average weekly wage was $49.62. Following the last hearing the deputy entered an order awarding claimant compensation for 20% permanent partial disability of the body as a whole at a weekly compensation rate of $37.18 based on an average weekly wage of $63.62.
On application for review by the hospital the Full Commission reversed the deputy, holding that the deputy erred in finding claimant’s average weekly wage to be $63.62 rather than $49.62 as stipulated by the parties.
It remanded the cause to the deputy for “ * ' * * a redetermination and/or reevaluation of claimant’s residual permanent partial disability, if any, and a reconsideration of the award of attorney’s fee * *
Although the Commission in the forepart of its order recognized that the hospital presented three questions for answer, it answered only one directly. The questions presented as stated in the Commission’s order were whether the deputy had erred (1) in determining the average weekly wage to be $63.62 instead of $49.-62; (2) in awarding claimant compensation for 20% permanent partial disability of the whole body and (3) in failing to apportion the award or determine the degree of aggravation of the disc where the evidence showed it to have been diseased prior to the subject injury.
However, because the Commission’s order vacated the deputy’s order and remanded the cause for a redetermination of the claimant’s disability it may be said that it held the deputy erred in the finding of 20% disability.
No mention was made of apportionment and no directions given the deputy to consider this factor on remand. This question was left unanswered by the Commission.
In her petition for certiorari now before this Court claimant raises two questions: (1) was the deputy authorized to reject the stipulation of the parties as to average weekly wage, and (2) did the Commission err in reversing the award of 20% permanent partial disability made by the deputy.
In its cross petition for certiorari the hospital urges that because of the preexisting diseased condition of the injured disc the deputy erred in not apportioning the claimant’s disability and that the Commission erred by its failure to rule on the question and to order the deputy to apportion on remand to him.
We will answer claimant’s questions first.
Under the facts of this case the deputy committed error in ignoring the stipulation of the parties that claimant’s average weekly wage was $49.62 and finding instead that it was $63.62.
The record reveals that at the commencement of the first hearing the deputy asked: “Can we stipulate to an average weekly wage?” The claimant’s counsel said, “Yes.” Respondent’s counsel replied, “$49.-62”, then claimant’s counsel said “$49.-62.” The deputy then asked “Is that stipulated?” To which both counsel replied “Yes.”
At no time in the proceedings did either party seek to be relieved from the stipulation. There is nothing in the record to show that the stipulation was made through fraud, overreaching or mistake.
Both parties apparently relied on the stipulation. The only evidence offered as to wages was that offered by the hospital. This evidence showed that claimant became a member of the hospital staff on November 23, 1959 at a weekly salary of $49.62 and worked five weeks before she suffered the accident here involved.
*387 In circumstances such' as these where a stipulation is fairly made, is without taint of fraud, overreaching or mistake, and is relied on by the parties, we see no reason why it should not bind the parties and the deputy. We hold that it was binding on the deputy in this case.
The claimant relies on the case of Lin-derman v. Kirkland’s Restaurant, Fla.1961, 127 So.2d 888, as authority for the deputy to disregard the stipulation. A cursory reading of that opinion reveals that the stipulation there involved was one-sided in that it was offered by the employer and never agreed to by the claimant. As stated in that opinion the “stipulation” of the employer that Mrs. Linderman’s wages were $32.00 was the only evidence of her wages and the question was whether the deputy was correct in relying on that statement of the employer in making a finding of the average weekly wage. We pointed out that the claimant in that case, just as in this one, never took the position that the employer’s stipulation or admission was not effective. The Linderman case does not hold that a deputy may disregard a stipulation on an issue in the proceedings under the circumstances found in this case.
Claimant’s second question requires us to decide that the Commission erred in reversing the award of 20% permanent partial disability and in remanding the cause for redetermination of the award.
Disability in non-scheduled injuries such as this one must be measured in terms of loss of capacity to earn after an injury the same wages earned at the time of the accident. Sec. 440.02(9), F.S.A.
When the Commission correctly held that the claimant’s average weekly wage at the time of the accident was $49.62, and not $63.62 as found by the deputy, it became necessary to recompute the difference, if any, in the capacity to earn before and after the accident using the figure of $49.62 as representative of claimant’s pre-injury earning capacity.
This reduction in the average weekly wage from $63.62 to $49.62 will very likely result in a reduction in the disparity between pre-injury and post-injury earning capacity and therefore a difference in the finding of disability.
We, therefore, hold that the Commission correctly required a redetermination of claimant’s disability.
We come now to the question presented by the hospital in its cross-petition.
The hospital complained to the Commission of the deputy’s failure to apportion the disability so as to charge it only for that portion of the disability due to aggravation of the diseased disc. The Commission recognized the question but did not answer it. On remand the deputy will have no directions as to whether he should or should not apportion.
The Commission should consider and answer this question in its order remanding this cause to the deputy. The Commission’s attention is invited to the cases of United Electric Company v. Myers, Fla. 1961, 134 So.2d 7; Henderson v. Sol Walker and Company, Fla. 1962, 138 So.2d 323; and LeForgeais v. Erwin-Newman Company, Fla.1962, 139 So.2d 401.
For the reasons above expressed the petition of the claimant is denied, the cross petition of the employer is granted, and this cause is remanded to the Commission for further proceedings consistent herewith.
It is so ordered.
TERRELL, Acting C. J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.