929 So.2d 542 (2006)
James WOOD, Appellant,
v.
FLORIDA ROCK INDUSTRIES & CRAWFORD & CO., Appellee.
No. 1D05-1551.
District Court of Appeal of Florida, First District.
February 13, 2006.
Order Granting Certification May 25, 2006.
Roland P. Tan, Jr., Esquire, Kissimmee, for Appellant.
Pamela Craig, Esquire, and Ronald S. Webster, Esquire, Orlando, for Appellee.
HAWKES, J.
In this worker's compensation case, Claimant's counsel obtained an additional $1,148.50 in disputed benefits on behalf of Claimant. On appeal, he makes two arguments concerning attorney's fees. First, that the JCC erred in interpreting the relevant statutes, and he is entitled to a fee of $3,340.00, almost three times greater than the value of the benefits he secured for Claimant. And second, that the $100.00 attorney's fee, which was ordered by the JCC as a sanction due to the employer/carrier's (E/C) failure to timely comply with a motion to compel, was inadequate. We disagree with both arguments and affirm.

Proceedings Before the JCC
Claimant filed a petition for benefits (PFB) requesting, in part, temporary partial disability (TPD) benefits, penalties and interest. Simultaneously, Claimant served the E/C with a request to produce, which included a request for Claimant's post-accident earnings. The E/C filed a response to the PFB, denying TPD benefits were owed. Claimant filed a motion to compel, which the JCC granted, allowing *543 the E/C seven days to comply with the production request. Although the E/C produced some documents, it was after the seven days required by the order, and a dispute continued as to whether the E/C had produced the requested documents.
Before the dispute was resolved, the E/C submitted an offer of judgment for past TPD, penalties, and interest in the amount of $1,148.50. Claimant accepted this amount. However, the issue of attorney's fees remained in controversy.
Claimant's counsel argued to the JCC that he was entitled to the two separate fee awards. The first entitlement was pursuant to section 440.34(3)(b), Florida Statutes, which requires a "reasonable" attorney's fee be paid by the E/C upon the successful prosecution of a PFB. The second entitlement to fees arose as a sanction for the E/C's failure to timely comply with the discovery request.
The E/C acknowledged Claimant was entitled to attorney's fees for successfully prosecuting the PFB, but argued that a "reasonable" fee pursuant to section 440.34(1), Florida Statutes (2003), must be equal to a percentage of the value of the benefits secured for the claimant. Since the value of the benefits secured for Claimant was $1,148.50, pursuant to the statute, a reasonable fee was 20% or $229.70. The JCC awarded a $229.70 attorney's fee.
In response to the fee request as a result of the discovery dispute, the E/C argued there was no discovery violation, therefore, a sanction in the form of attorney's fees would be inappropriate. The JCC concluded a sanction was appropriate, and found a $100.00 attorney's fee award was sufficient to deter repetition of the violation. We decline to disturb the JCC's finding, and affirm this issue without further discussion.

The Meaning of "Reasonable" Pursuant to Section 440.34, Florida Statutes
Because the remaining issue presented on appeal is one of statutory construction, review is de novo. See e.g., Daniels v. Dep't of Health, 898 So.2d 61 (Fla.2005). When statutory language is clear and unambiguous, courts will not look beyond the plain language for legislative intent, nor resort to external rules of statutory construction to ascertain intent, because doing so would constitute an abrogation of legislative power. Daniels, 898 So.2d at 64-65 (citing Nicoll v. Baker, 668 So.2d 989, 990-991 (Fla.1996)); see also Lee County Elec. Coop., Inc. v. Jacobs, 820 So.2d 297 (Fla. 2002). When the legislature makes substantial, material changes to the language of a statute, "it is presumed to have intended some specific objective or alteration of law, unless a contrary indication is clear." Mangold v. Rainforest Golf Sports Ctr., 675 So.2d 639, 642 (Fla. 1st DCA 1996); see also Sam's Club v. Bair, 678 So.2d 902 (Fla. 1st DCA 1996).
In 2003, the legislature amended section 440.34(1), Florida Statutes, effecting three material changes. First, the amount of an attorney's fee award is no longer based on services rendered, but instead is based on the value of the benefits secured on behalf of the claimant. Second, language permitting the JCC to increase or decrease the statutory attorney's fee by considering six enumerated factors if, in the JCC's judgment, the circumstances warrant such action, was deleted. Third, the legislature added language specifically prohibiting a JCC from awarding a fee in excess of the percentage fee, but did not, with the same specificity, prohibit a lower fee. See § 440.34(1), Fla. Stat. (2002); cf. § 440.34(1), Fla. Stat. (2003).
*544 The amended section 440.34, Florida Statutes (2003), in relevant part, now provides:
(1) A fee, gratuity, or other consideration may not be paid for a claimant in connection with any proceedings arising under this chapter, unless approved as reasonable by the [JCC].... Any attorney's fee approved by a[JCC] for benefits secured on behalf of a claimant must equal to 20 percent of the first $5,000 of the amount of the benefits secured, 15 percent of the next $5,000 of the amount of the benefits secured, 10 percent of the remaining amount of the benefits secured to be provided during the first 10 years after the date the claim is filed, and 5 percent of the benefits secured after 10 years. The [JCC] shall not approve a compensation order, a joint stipulation for lump-sum settlement, a stipulation or agreement between a claimant and his or her attorney, or any other agreement related to benefits under this chapter that provides for an attorney's fee in excess of the amount permitted by this section.

Id. (emphasis added).
On appeal, Claimant's counsel argues the JCC erred in interpreting the word "reasonable" as it modifies a permissible attorney's fee award. In essence, counsel argues a proper interpretation must ignore all three of the changes made by the legislature. Specifically, he maintains a reasonable fee award may exceed a fee award based on a statutorily established percentage of the benefits secured, when supported by the former enumerated factors in light of the "services rendered" by counsel.
In support of his position, counsel argues we should consider two stipulations he reached with E/C's counsel, and the rules regulating the Florida Bar. The first stipulation is that Claimant's counsel reasonably spent 16.7 hours rendering services to Claimant. The second stipulation is that an attorney could reasonably charge $200.00 per hour in this type of case.
Claimants' counsel concludes these stipulations between the parties show that the legislature, in amending section 440.34(1), must have intended that a "reasonable" attorney's fee could dramatically exceed the value of the benefits counsel secured for a claimant (here, $3,340.00 (16.7 hours multiplied by $200.00)). Counsel buttresses his conclusion with reference to rule 4-1.5(b), of the Florida Rules of Professional Conduct, which allows consideration of the time spent providing services, and the amount an attorney might normally charge for similar services, in determining a reasonable attorney fee.[1]
However, rules can never create or alter a litigant's substantive rights. See Heymann v. Free, 913 So.2d 11 (Fla. 1st DCA 2005). The Rules of Professional Conduct relate only to an evaluation of the maximum fee an attorney may collect as reasonable without facing possible discipline. They do not trump substantive rights created by the legislature. Acceptance of counsel's arguments would render the legislative amendments to section 440.34 meaningless. Florida Statutes govern counsel's entitlement to fees, and the Rules of Professional Conduct cannot change the result.
In the amended section 440.34, the legislature defined a "reasonable" fee. The statute requires JCC approval of any attorney's fee. A JCC is permitted to approve *545 a fee only if it is "reasonable." All approved fees must equal a statutorily enumerated percentage based on the value of the benefits secured on behalf of the Claimant. Therefore, a JCC may approve a fee as "reasonable" only when it equals a statutorily established percentage of the value of benefits secured on behalf of the Claimant.

Conclusion
The statutory language is clear and unambiguous. This court must presume the legislature intended the amended statute to mean what it clearly says. In worker's compensation cases, a fee award must be based on the value of the benefits actually obtained on behalf of the Claimant. It expressly prohibits the JCC from awarding an attorney's fee greater than that provided by the statute, except under certain conditions in medical only cases.[2] The JCC correctly concluded section 440.34, as amended, required him to award an attorney's fee of $229.70, 20% of the $1,148.50 benefit counsel secured on behalf of his client. The order is AFFIRMED.
WOLF, J., concurs, and BARFIELD, J., concurs with opinion.
BARFIELD, J., concurs with result.
I concur in the result as a plain reading of the statute governing the entitlement to attorney fees clearly supports the ruling of the Judge of Compensation Claims. The argument of appellant that the legislature somehow intended that claimants' lawyers should be paid reasonable fees cannot be supported by any contortion of statutory construction. The validity of the statute which severely impairs, if not eliminates, the ability of claimants to obtain the assistance of counsel, has not been raised.

On Motion for Certification
HAWKES, J.
Pursuant to Florida Rule of Appellate Procedure 9.330(a), we grant Appellant's motion for certification and, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), amend our previous opinion to include certification of the following question of great public importance:
DO THE AMENDED PROVISIONS OF SECTION 440.34(1), FLORIDA STATUTES (2003), CLEARLY AND UNAMBIGUOUSLY ESTABLISH THE PERCENTAGE FEE FORMULA PROVIDED THEREIN AS THE SOLE STANDARD FOR DETERMINING THE REASONABLENESS OF AN ATTORNEY'S FEE TO BE AWARDED A CLAIMANT?
All other pending motions are denied.
BARFIELD, J., concurs; WOLF, J., concurs with opinion.
WOLF, J., Concurring.
I agree with the decision to certify. While I am concerned with several of the constitutional issues raised by the proposed amici, as noted by Judge Barfield's previous concurrence, these issues were not raised by appellant.
The record before us also does not provide factual support for a number of assertions made by amici. I, therefore, concur *546 in the denial of the motions to appear filed by the amici.
NOTES
[1] Not urged by claimant's counsel is that the rule would also allow consideration of the results obtained on behalf of the client.
[2] Section 440.34(7), Florida Statutes (2003), permits the JCC to "approve an alternative attorney's fee not to exceed $1,500 only once per accident, based on a maximum hourly rate of $150 per hour, if the [JCC] expressly finds that the attorney's fee amount provided for in subsection (1), based on benefits secured, fails to fairly compensate the attorney for disputed medical-only claims ... and the circumstances of the particular case warrant such action." Id.