932 So.2d 506 (2006)
Jean L. LUNDY and Charles A. Williams, Appellants,
v.
FOUR SEASONS OCEAN GRAND PALM BEACH and Liberty Insurance Group, Appellees.
No. 1D05-0109.
District Court of Appeal of Florida, First District.
June 20, 2006.
*508 Charles Williams of Charles Williams Attorney At Law P.A., Lake Worth; and Jane-Robin Wender of Wender & Associates, P.A., Delray Beach, for Appellants.
L. Barry Keyfetz, Miami, for Amicus Curiae/Academy of Florida Trial Lawyers.
Tara L. Sa'id of Law Office of Amy L. Warpinski, Jacksonville, and Rayford H. Taylor of Stiles, Taylor & Grace, P.A., Atlanta, for Appellees.
Steven A. Rissman and Elizabeth Lynch-Mulligan of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Tampa, for Amicus Curiae/Claims Center.
Mary Ann Stiles of Stiles, Taylor & Grace, P.A., Tampa, and Rayford H. Taylor of Stiles, Taylor & Grace, P.A., Atlanta, for Amicus Curiae/Associated Industries of Florida, Inc.
Thomas A. Koval, Sarasota, and Rayford H. Taylor of Stiles, Taylor & Grace, P.A., Atlanta, for Amicus Curiae/Florida Insurance Council.
PER CURIAM.
The claimant seeks review of a final order of the judge of compensation claims (JCC), denying stipulated attorney's fees as being in excess of the fees permitted by section 440.34(1), Florida Statutes (2004), and approving a fee permitted by section 440.34(1). On appeal, the claimant contends that: (1) section 440.34(1) should be construed to allow the payment of a reasonable fee that exceeds the mandated percentage of benefits secured; (2) the JCC should have approved the parties' joint stipulation agreement providing for fees in excess of that allowed by statute pursuant to Spitzer v. Bartlett Bros. Roofing, 437 So.2d 758 (Fla. 1st DCA 1983); and (3) section 440.34(1) violates the separation of powers doctrine, the due process clause, the equal protection clause, the right to counsel, and the right to freely contract as provided by the Florida Constitution. For the reasons set forth herein, we reject each of the claimant's arguments and affirm the order of the JCC.
The claimant and the e/c entered into a joint stipulation, providing that the e/c would pay the claimant $1,700 in past indemnity benefits and pay counsel for the claimant $1,900 for securing the benefits. The JCC denied approval of the stipulated fees, reasoning that she was without authority to approve a fee in excess of $340, the amount allowed by section 440.34(1). *509 The JCC entered an order approving the statutory fee of $340, and this appeal followed.
The JCC properly construed section 440.34(1). In Wood v. Fla. Rock Indus., 929 So.2d 542 (Fla. 1st DCA 2006)(amended May 25, 2006, to certify a question of great public importance), this court explained that "the court must presume that the legislature intended the amended statute [section 440.34(1)] to mean what it clearly says." The statute begins by generally providing that no fee may be paid under chapter 440 unless approved as reasonable, and then specifically addresses the approval of fees "for benefits secured" by setting forth the formula for determining the amount of fees to be paid. A JCC may approve a fee as reasonable under section 440.34(1) when the fee equals the statutory percentage of benefits secured. Wood; see also Parker v. Baker, 499 So.2d 843, 845 (Fla. 2d DCA 1986)("Where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control.").
Spitzer does not serve as an exception to the provisions set forth in section 440.34(1). In Spitzer, the parties stipulated that the claimant was entitled to three months of catastrophic loss benefits even though the claimant's injuries did not demonstrate an entitlement to such benefits under the law. 437 So.2d at 759-60. The JCC rejected the stipulation because it was based on a misconception of the law. Id. at 760-61. Reversing, this court noted that "[i]t is the policy of the law to encourage and uphold stipulations in order to minimize litigation and expedite the resolution of disputes." Id. at 760.
Though Spitzer is still good law, it is not controlling in this case because section 440.34(1) expressly prohibits a JCC from approving a fee in excess of the statutory percentage. There was no statutory prohibition limiting the actions of the JCC in Spitzer.
We now address the constitutional challenges raised by the claimant. Preliminarily, we note that a statute is presumed to be valid, and every presumption is to be indulged in favor of the validity of that statute. Golden v. McCarty, 337 So.2d 388, 389 (Fla.1976); McElrath v. Burley, 707 So.2d 836, 839 (Fla. 1st DCA 1998). The party challenging a statute has the burden to demonstrate the unconstitutionality of the statute by negating every conceivable basis for upholding the law. Burley, 707 So.2d at 839. The claimant in this case has not met that burden.
The legislature did not encroach upon the powers of the judiciary by amending section 440.34(1) to restrict the payment of fees to a percentage of the benefits secured. Workers' compensation is a creature of statute governed by the provisions of chapter 440, Florida Statutes. Globe Sec. v. Pringle, 559 So.2d 720, 722 (Fla. 1st DCA 1990). The legislature may limit the amount of fees that a claimant's attorney may charge because the state has a legitimate interest in regulating attorney's fees in workers' compensation cases. Samaha v. State, 389 So.2d 639, 640 (Fla. 1980). Furthermore, the legislature is charged with setting forth the criteria it deems will further the purpose of workers' compensation law and will result in a reasonable fee. See id.; see also Schick v. Dep't of Agric. & Consumer Servs., 599 So.2d 641, 644 (Fla.1992). Therefore, section 440.34(1) does not violate the separation of powers doctrine.
Nor does section 440.34(1) violate the equal protection clause or the due process clause, which, inter alia, protects the *510 right to be represented by counsel. In limiting fees to a percentage of the benefits secured, section 440.34(1) bears a reasonable relationship to the state's interest in regulating fees so as to preserve the benefits awarded to the claimant. See Samaha, 389 So.2d at 640. Section 440.34(1) is not discriminatory, arbitrary or oppressive because it applies to all claimants in a workers' compensation proceeding, and sets forth a definite formula for determining attorney's fees so as to protect the claimant's interest in retaining a substantial portion of the benefits secured. Therefore, section 440.34(1) does not deny a claimant equal protection, due process, or the right to be represented by counsel.
The claimant has also failed to demonstrate that section 440.34(1) impermissibly restricts the right to freely contract. A statute restricting the right to contract will not be invalidated if the restriction was enacted to protect the public's health, safety, or welfare. Khoury v. Carvel Homes S., Inc., 403 So.2d 1043, 1046 (Fla. 1st DCA 1981). The restrictions set forth in section 440.34(1) were enacted to protect the public's welfare by ensuring that a worker is able to retain a substantial portion of awarded benefits so as to prevent the burden of support for that worker from being cast upon society. Therefore, the statute does not offend the right to freely contract.
Although the claimant abandoned the issue of whether section 440.34(1) denies access to courts during oral argument, we note that the statute has not been shown to deny access. In the initial brief, the claimant contended that the statute denies access to courts because it impairs a claimant's ability to retain counsel. The claimant's argument is unpersuasive because it lacks evidentiary support. The claimant has failed to demonstrate that the statute has unduly burdened a claimant's ability to retain counsel in order to secure benefits, or that the statute limits the types of benefits a claimant is authorized to pursue under chapter 440. Because the claimant has not demonstrated that section 440.34(1) has abolished or unduly burdened a claimant's right to obtain benefits under chapter 440, we cannot conclude that the statute denies access to courts. See Burley, 707 So.2d at 839; Strohm v. Hertz Corp., 685 So.2d 37, 39 (Fla. 1st DCA 1996).
In conclusion, the claimant has not demonstrated that section 440.34(1) is constitutionally infirm or that the JCC otherwise erred in declining to approve a fee in excess of the fee permitted by section 440.34(1). Therefore, we affirm the order of the JCC. As in Wood, however, we certify the following question of great public importance:
DO THE AMENDED PROVISIONS OF SECTION 440.34(1), FLORIDA STATUTES (2003), CLEARLY AND UNAMBIGUOUSLY ESTABLISH THE PERCENTAGE FEE FORMULA PROVIDED THEREIN AS THE SOLE STANDARD FOR DETERMINING THE REASONABLENESS OF AN ATTORNEY'S FEE TO BE AWARDED A CLAIMANT?
AFFIRMED.
DAVIS and BENTON, JJ., concur; ERVIN, J., concurs with opinion.
ERVIN, J., concurring.
I concur with the majority's disposition of the constitutional issues that it has specifically addressed. I also concur with the question certified. In addition, I strongly doubt that the Florida worker's compensation attorney-fee statute, section 440.34(1), Florida Statutes (2003), could be subjected to a successful facial constitutional challenge, *511 which requires the challenger to establish that no set of circumstances exists under which the statute could be determined valid in that such "challenge considers only the text of the statute, not its application to a particular set of circumstances." See Cashatt v. State, 873 So.2d 430, 434 (Fla. 1st DCA 2004). I also note that attorney-fee legislation in many of the states requires each party to pay his or her own attorney, regardless of whether the party prevails, and no constitutional provision appears to be implicated. See 8 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 133.01 at 133-2, 3 (2005).
In a different context, the Florida Supreme Court has held that, in the absence of proof to the contrary, unless the statute is decided to be arbitrary on its face, a court is bound to accept a legislative determination of the reasonableness of a registration fee assessed against a seed dealer for inspection services rendered by the state. Finlayson v. Conner, 167 So.2d 569, 573 (Fla.1964). Indeed, the attorney-fee statute challenged in the case at bar appears to be rationally related to further the goal of reducing the cost of workers' compensation premiums, which was one of the goals motivating the enactment of section 440.15(3)(b), Florida Statutes (1979), making employees ineligible for wage-loss benefits if they were eligible for Social Security retirement benefits. See Sasso v. Ram Prop. Mgmt., 452 So.2d 932 (Fla. 1984).
The more interesting question, and one which the appellant abandoned during oral argument, is whether the statute could be considered unconstitutional in its application to a given set of facts on the theory that it violates Florida's constitutional prohibition denying access to courts. Art. I, § 21, Fla. Const. In my judgment, it is possible, but highly unlikely, that such challenge might be successful, depending upon the evidence presented. The test approved by the Florida Supreme Court pertaining to the contest of a statute impacting one's judicial ingress is that if a statute has provided a right of access to courts for redress of an injury before the adoption of the Florida Constitution, or if such right had then become part of the state's common law, the legislature is not empowered to abolish such right without providing a reasonable alternative, unless it is able to show an overpowering public necessity for abolishing such right, and no alternative method of meeting such public necessity can be shown. Kluger v. White, 281 So.2d 1, 4 (Fla.1973).
At the time of the adoption of the Florida Constitution an employee had a common-law right of action for damages against his or her employer resulting from an employment-related injury. I strongly question whether a challenger to the constitutional validity of section 440.34(1), as applied to any set of facts, could satisfy the Kluger test, because the legislature still provides the employee the right to pursue a workers' compensation claim against his or her employer, despite the modification of the employee's right to recover fees from the employer. Therefore, unless that right were rendered illusory by evidence disclosing that (1) in certain types of claims the worker could not realistically expect to obtain the assistance of counsel, and (2), if not, the worker could not plausibly be expected to prevail in the prosecution of his or her own claim, due to the complexity of the proceeding, I doubt very much that a sufficient showing could be made that the statute, as applied, violates the access to courts provision.
Because it is the judiciary's responsibility, whenever possible, to construe a statute so that it does not conflict with the constitution, I would ordinarily consider *512 that any possible constitutional challenge could be obviated by simply interpreting the statute as ambiguous, thereby allowing a judge of compensation claims (JCC) the discretion to award a fee as reasonable, notwithstanding that such amount might exceed that permitted by the fee schedule provided in section 440.34(1). In my judgment, the statute does not clearly and unambiguously equate the reasonableness of the fee with that authorized by the statutory percentage formula, which is the construction I would place on the statute were it not for the recent decision of this court in Wood v. Florida Rock Industries, 929 So.2d 542 (Fla. 1st DCA 2006), interpreting section 440.34(1) as requiring a JCC to "approve a fee as `reasonable' only when it equals a statutorily established percentage of the value of benefits secured on behalf of the Claimant." Id. at 545. Unlike the panel in Wood, I am unable to find in the statute such clarity of legislative purpose.
Section 440.34(1) was amended by chapter 2003-412, section 26, Laws of Florida, to provide as follows:
(1) A fee, gratuity, or other consideration may not be paid for services rendered for a claimant in connection with any proceedings arising under this chapter, unless approved as reasonable by the judge of compensation claims or court having jurisdiction over such proceedings. Except as provided by this subsection, Any attorney's fee approved by a judge of compensation claims for benefits secured on behalf of services rendered to a claimant must equal to 20 percent of the first $5,000 of the amount of the benefits secured, 15 percent of the next $5,000 of the amount of the benefits secured, 10 percent of the remaining amount of the benefits secured to be provided during the first 10 years after the date the claim is filed, and 5 percent of the benefits secured after 10 years.
The judge of compensation claims shall not approve a compensation order, a joint stipulation for lump-sum settlement, a stipulation or agreement between a claimant and his or her attorney, or any other agreement related to benefits under this chapter that provides for an attorney's fee in excess of the amount permitted by this section. The judge of compensation claims is not required to approve any retainer agreement between the claimant and his or her attorney. The retainer agreement as to fees and costs may not be for compensation in excess of the amount allowed under this section. However, the judge of compensation claims shall consider the following factors in each case and may increase or decrease the attorney's fee if, in her or his judgment, the circumstances of the particular case warrant such action:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(b) The fee customarily charged in the locality for similar legal services.
(c) The amount involved in the controversy and the benefits resulting to the claimant.
(d) The time limitation imposed by the claimant or the circumstances.
(e) The experience, reputation, and ability of the lawyer or lawyers performing services.
(f) The contingency or certainty of a fee.
(Underscored language added, and struck-through language deleted.)
Several significant changes should be noted in the above textual material, particularly the deletion of the Lee Engineering (Lee Engineering Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968)) factors that *513 had earlier been codified in the statute, including the time and labor required, the fee customarily charged, etc. Perhaps more important was the legislature's addition of the language forbidding approval of "an attorney's fee in excess of the amount permitted by this section." Although the statute references percentage amounts of benefits secured, conspicuously absent from its provisions is any specific fee amount, and, more to the point, the legislature saw fit to retain the pre-amendment language requiring that any fee allowed be judicially approved as reasonable. After considering all of the language, both that added and that retained, I am unable to find anything in the statute clearly and unambiguously equating the fee formula with a conclusive presumption of reasonableness.
In the case at bar, the percentage formula based solely upon $1700 in benefits secured for claimant by his attorney yields a statutory fee of $340, and, if the JCC accepted counsel's testimony that he reasonably expended 26 hours in securing those benefits, the attorney would be compensated at an hourly rate of $13.08. The JCC clearly found herself in a dilemma. She made no finding that a fee of $340 was, under the facts, reasonable, but she felt constrained by the statute to award a fee consistent with the statutory formula. Nowhere, however, does section 440.34 define the term "reasonable," nor have I found any language in it suggesting that the legislature intended to replace the ordinary definition given it, meaning "fair, proper, or moderate under the circumstances," or "[a]ccording to reason." BLACK'S LAW DICTIONARY 1293 (8th ed.2004). A fee in the amount of $340 for the services of a lawyer who reasonably expends 26 hours in securing $1700 of benefits on behalf of his client simply cannot be said to conform with the current, commonly understood definition of the term reasonable.
On the other hand, the statutory-percentage fee formula may be more than adequate in the successful prosecution of a claim in which a large amount of benefits is secured, with a limited involvement of time by claimant's counsel. For example, a lawyer's efforts on behalf of his or her claimant/client may result in $400,000 in benefits secured within 10 years after the claim is filed, resulting in a statutory percentage fee of $40,750, and, if the hours reasonably expended were, say, 65, the hourly rate would be $626.92, which I consider most objective observers would view as not only reasonable, but generous. If, however, the benefits obtained are minimal, a fee in the sum awarded may be grossly disproportionate to the effort reasonably expended. It is, of course, conceivable that the legislature intended just that result, contemplating that injured workers with minor injuries should be able to handle their own claims, but, if such were its intent, this legislation does not display it.
As stated, I find nothing in the statute restricting a judge's determination of a fee's reasonableness to the percentage formula, and my conclusion is supported by other provisions of section 440.34. For example, subsection (3) provides: "If any party should prevail in any proceedings before a judge of compensation claims or court, there shall be taxed against the nonprevailing party the reasonable costs of such proceedings, not to include attorney's fees." (Emphasis added.) The subsection continues by providing that fees may be recovered from the employer under certain circumstances, including claims for only medical benefits,[1] where the claimant prevails on the issue of compensability, where *514 the employer files a response to a petition denying benefits, and where the claimant prevails in proceedings brought to enforce a compensation award, or to modify a compensation order.
If the Wood panel's interpretation of the statute is correct, an attorney who successfully defends on appeal a compensation award, a motion for an order enforcing a compensation award, or a motion for an order modifying a compensation award would then be entitled to the same percentage fee previously awarded him or her during the trial of the claim, regardless of the amount of time he or she expended in the later proceeding. A duplicate fee, identical to that authorized at trial, without consideration of the labor involved, would hardly be consistent with the legislative goal of reducing the employer's cost of workers' compensation insurance premiums, particularly in circumstances where the fee authorized by the formula is substantial, and the attorney's involvement minimal. In my judgment, the legislature, in drafting the 2003 amendments to section 440.34, could not have reasonably contemplated such bizarre results.
NOTES
[1] Section 440.34(7) explicitly, unlike other provisions authorizing recovery of fees for the successful prosecution of certain types of claims, limits recovery of a fee from the employer in a medical-benefits-only claim to $1500 per accident.