933 So.2d 1255 (2006)
Chester CAMPBELL, Appellant,
v.
ARAMARK & SPECIALITY RISK SERVICES, Appellees.
No. 1D05-3672.
District Court of Appeal of Florida, First District.
July 24, 2006.
Barbara B. Wagner, of Wagenheim & Wagner, P.A., Ft. Lauderdale, and Michael Celeste, West Palm Beach, for Appellant.
Cheryl Wilke, of Hinshaw & Culbertson, Ft. Lauderdale, for Appellees, and Jack A. Weiss, of Fowler White Boggs Banker, P.A., St. Petersburg, for Amicus Curiae, Florida Defense Lawyers Association.
BROWNING, J.
Chester Campbell, the claimant in this workers' compensation case, appeals an attorney's fee order of the judge of compensation claims (JCC) directing the employer/carrier (E/C) to pay to Campbell's attorney a fee in the amount of $1,111.13 for securing temporary partial disability benefits with a total value of $5,740.89. Campbell challenges the JCC's determination that section 440.34, Florida Statutes, as amended in 2003, precludes the JCC from approving an attorney's fee greater than the statutorily enumerated percentage based on the value of the benefits secured on the claimant's behalf. We have de novo review of this issue of statutory *1256 interpretation. See McBride v. Pratt & Whitney, 909 So.2d 386, 387 (Fla. 1st DCA 2005).
Campbell contends that although (in the 2003 amendments) the Florida Legislature deleted the factors set out in Lee Eng'g & Constr. Co. v. Fellows, 209 So.2d 454, 458-59 (Fla.1968), which were codified in the attorney's fee statute, the JCC still has the discretion to award a reasonable attorney's fee greater than what the statutory percentage fee formula establishes. This interpretation of the post-amendment attorney's fee statute was expressly rejected in Wood v. Fla. Rock Indus., 929 So.2d 542 (Fla. 1st DCA 2006), mot. for certif. granted, 929 So.2d 542 (Fla. 1st DCA 2006), in which the following question of great public importance was certified:
DO THE AMENDED PROVISIONS OF SECTION 440.34(1), FLORIDA STATUTES (2003), CLEARLY AND UNAMBIGUOUSLY ESTABLISH THE PERCENTAGE FEE FORMULA PROVIDED THEREIN AS THE SOLE STANDARD FOR DETERMINING THE REASONABLENESS OF AN ATTORNEY'S FEE TO BE AWARDED A CLAIMANT?
929 So.2d at 545; see also Lundy v. Four Seasons Ocean Grand Palm Beach, 932 So.2d 506 (Fla. 1st DCA 2006). Accordingly, even without the benefit of Wood and Lundy, the JCC correctly construed the section 440.34 by following the strict statutory percentage formula.
Campbell argues that the JCC's interpretation of the attorney's fee statute, as amended in 2003, renders the statute unconstitutional: specifically, in violation of federal and/or Florida constitutional guarantees of equal protection, due process, separation of powers, and access to courts. These specific arguments were addressed and rejected in Lundy. See 932 So.2d at 509. Pursuant to Wood and Lundy, we AFFIRM the award of attorney's fees according to the statutory percentage formula and CERTIFY the same question of great public importance.
ERVIN and BENTON, JJ., concur.