949 So.2d 1046 (2006)
Maria BUITRAGO, Appellant,
v.
LANDRY'S and Ace USA, Appellees.
No. 1D05-4621.
District Court of Appeal of Florida, First District.
September 13, 2006.
Rehearing Denied March 5, 2007.
Stephen M. Barbas, of Barbas Koenig, et al., Tampa; Susan W. Fox, of Fox & Loquasto, P.A., Tampa; and Wendy S. Loquasto, of Fox & Loquasto, Tallahassee, for Appellant.
Pamela A. Walton and Deanna A. Tedone, of Barr, Murman & Tonelli, P.A., Tampa, for Appellees.
PER CURIAM.
The claimant, Maria Buitrago, appeals the Judge of Compensation Claims' (JCC) order awarding an attorney's fee in strict accordance with the guideline formula set forth in section 440.34(1), Florida Statutes (2005). The appellant's constitutional challenges to this statute, as significantly amended in 2003, were considered and rejected in our recent decisions in Lundy v. Four Seasons Ocean Grand Palm Beach, 932 So.2d 506 (Fla. 1st DCA 2006); and Campbell v. Aramark, 933 So.2d 1255 (Fla. 1st DCA 2006). Accordingly, we are constrained to affirm the JCC's award of a reasonable attorney's fee based on the statutory guideline formula. See Wood v. Fla. Rock Indus., 929 So.2d 542 (Fla. 1st DCA 2006), granting motion for certification, 929 So.2d 545 (Fla. 1st DCA 2006).
The claimant has moved for an appellate attorney's fee pursuant to section 440.34, Florida Statutes (2003). In both the 2003 and 2005 versions of this workers' compensation fee statute, subsection (5) states:
If any proceedings are had for review of any claim, award, or compensation order before any court, the court may award the injured employee or dependent an attorney's fee to be paid by the employer *1047 or carrier, in its discretion, which shall be paid as the court may direct.
Although we acknowledged in City of Miami v. Burnett, 596 So.2d 478, 479 (Fla. 1st DCA 1992), that the "judicial imprimatur on the discretionary allowance of attorney fees is enveloped in an aura of age," nevertheless, "we think the appellate court should impose upon an unsuccessful claimant-appellant a heavy burden to show the justification for the allowance of additional attorneys' fees under such circumstances." Wick Roofing Co. v. Curtis, 110 So.2d 385, 387 (Fla.1959). In the motion for fees, the unsuccessful claimant has not demonstrated (or even alleged) how this appeal satisfies the "heavy burden" under Wick Roofing to justify the discretionary allowance of appellate attorney's fees.
As in Wood, Lundy, and Campbell, we certify the following as a question of great public importance:
DO THE AMENDED PROVISIONS OF SECTION 440.34(1), FLORIDA STATUTES (2003), CLEARLY AND UNAMBIGUOUSLY ESTABLISH THE PERCENTAGE FEE FORMULA PROVIDED THEREIN AS THE SOLE STANDARD FOR DETERMINING THE REASONABLENESS OF AN ATTORNEY'S FEE TO BE AWARDED A CLAIMANT?
We AFFIRM the JCC's order on trial attorney's fees and costs and DENY the motion for appellate attorney's fees.
WOLF and VAN NORTWICK, JJ., concur.
BROWNING, J., concurs in part and dissents in part with written opinion.
BROWNING, J., concurring in part and dissenting in part.
I concur with the majority opinion, except as to the failure to grant appellate attorney's fees, from which I dissent. I would grant attorney's fees to the claimant. The claimant has not been afforded the opportunity to demonstrate how this appeal satisfies the "heavy burden" under Wick Roofing and Florida Rule of Appellate Procedure 9.400, which does not require an allegation in a motion for attorney's fees beyond a statutory reference to section 440.34(5), Florida Statutes.