PER CURIAM.
In this appeal, the Employer and Servicing Agent (E/SA), La Petite Academy and Gallagher Bassett, challenge an order rendered by the Judge of Compensation Claims (JCC) which awarded claimant, Jacqueline Duprey, $20,500.00 in attorney’s fees and $3,834.28 in costs. The E/SA argue first that the JCC erred in awarding an attorney’s fee which violates the plain language of section 440.34, Florida Statutes, and second, that the JCC erred in calculating costs owed claimant as the prevailing party. Claimant has also filed a cross-appeal, arguing that the legislature’s 2003 amendments to section 440.34 violate both the Florida and United States Constitutions.
This court has previously considered the application of the legislature’s 2003 amendments to section 440.34, Florida Statutes, in a number of our recent decisions, and held that “[i]n worker’s compensation cases, a fee award must be based on the value of the benefits actually obtained on behalf of the Claimant.” Wood v. Fla. Rock Indus., 929 So.2d 542, 545 (Fla. 1st DCA 2006), rev. denied, 935 So.2d 1221 (Fla.2006); see also Lundy v. Four Seasons Ocean Grand Palm Beach, 932 So.2d 506 (Fla. 1st DCA 2006), rev. denied, 939 So.2d 93 (Fla.2006); Campbell v. Aramark, 933 So.2d 1255 (Fla. 1st DCA 2006). Because the JCC in this case ordered the E/SA to pay an attorney’s fee which far *869 exceeded the statutorily mandated percentage of the benefits awarded, we reverse the portion of the order awarding claimant $20,500.00 in attorney’s fees and remand for further proceedings. We affirm the JCC’s award of $3,834.28 in costs without further comment.
We reject the merits of claimant’s cross-appeal because this court has previously concluded that section 440.34, as amended in 2003, violates neither the Florida nor the United States Constitutions. See Lundy, 932 So.2d at 509-510; Campbell, 933 So.2d at 1256.
Therefore, we REVERSE the portion of the JCC’s order below which awards claimant $20,500.00 in attorney’s fees, we AFFIRM the portion of the order which awards claimant $3,834.28 in costs. We REMAND the case for further proceedings consistent with this decision.
WEBSTER, POLSTON, and HAWKES, JJ., concur.