BROWNING, C.J.
 

 Brian Lowry, an injured worker, appeals the Judge of Compensation Claims’ (JCC) final order awarding Lowry’s lawyer a “reasonable” attorney’s fee in the amount of $1,854.58 based on total benefits secured for Lowry in the amount of $11,045.75. In this as-applied “constitutional” challenge, Lowry contends that the JCC’s application of the percentage formula for calculating fees set forth in section 440.34(1), Florida Statutes (2003), denies access to counsel, denies access to courts, and “confiscates” legal time and services because the amount of the fees awarded equates to little more than $16.00 an hour. We are constrained to affirm the JCC’s order in all respects.
 
 See Murray v. Mariners Health/ACE USA,
 
 946 So.2d 38 (Fla. 1st DCA),
 
 rev. granted,
 
 969 So.2d 1014 (Fla. Oct.30, 2007);
 
 Buitrago v. Landry’s,
 
 949 So.2d 1046 (Fla. 1st DCA 2006);
 
 Lundy v. Four Seasons Ocean Grand Palm Beach,
 
 932 So.2d 506 (Fla. 1st DCA),
 
 rev. den.,
 
 939 So.2d 93 (Fla.2006);
 
 Campbell v. Aramark,
 
 933 So.2d 1255 (Fla. 1st DCA),
 
 rev. den.,
 
 944 So.2d 986 (Fla.2006);
 
 Wood v. Fla. Rock Indus.,
 
 929 So.2d 542 (Fla. 1st DCA),
 
 rev. den.,
 
 935 So.2d 1221 (Fla.2006). We find no abuse of discretion in the JCC’s restricting the testimony of Lowry’s attorney’s-fee expert based on the employer/carrier’s relevancy objections and in not imposing attorney’s fees as a sanction against the employer/carrier for alleged misconduct.
 

 AFFIRMED.
 

 VAN NORTWICK and ROBERTS, JJ., concur.