DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PALM BEACH POLO HOLDINGS, INC.,** a Florida Corporation; and
**DOUBLE EAGLE YACHTS, INC.,** a Florida Corporation,
Appellants,

v.

**BROWARD MARINE, INC.,** a Florida Corporation; and **BROWARD
MARINE EAST, INC.,** a Florida Corporation,
Appellees.

No. 4D13-1618

[August 19, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack Tuter, Judge; L.T. Case No. 03-9694 CACE (19).

Larry A. Zink of Zink, Zink & Zink Co., L.P.A., Hillsboro, for appellants.

William G. Salim, Jr. and Ari J. Glazer of Moskowitz, Mandell, Salim & Simowitz, P.A., Fort Lauderdale, for appellees.

CIKLIN, C.J.

Challenging an amended final judgment, the appellants (defendants below) argue that the trial court erred in determining that they waived their statute of limitations defense to the appellees' (plaintiffs below) waste claim by failing to timely raise it and in declining to allow the jury to determine factual issues pertaining to the statute of limitations. We agree. We also avail ourselves of the opportunity to once again stress the tremendous efficacy of The Pretrial Stipulation.[1]

Although the underlying claims and litigation history are fairly complex, the facts related to the error are straightforward. The appellants raised the statute of limitations defense several times during the proceedings below, including in their answer to the appellees' fourth

---

[1] Out of respect for and to dignify the use of The Pretrial Stipulation, we have intentionally capitalized the name of this important trial efficiency tool.

and final amended complaint. Additionally, the appellants submitted a proposed jury interrogatory addressing disputed facts surrounding the issue of the statute of limitations, prior to the close of evidence. Most notably, the jury question as to whether the underlying claim was barred by the statute of limitations was memorialized in The Pretrial Stipulation and was thus—by definition and policy—a matter officially considered to be an issue in dispute during the upcoming trial.

The trial court concluded that, because the statute of limitations defense was not framed in the preliminary instructions to the jury and the appellants did not argue the issue in their opening statement, the defense was not properly or timely raised and was therefore waived. We must respectfully disagree.

First, we note the statute of limitations issue was timely raised in the appellants' answer. *See May v. Ill. Nat'l Ins. Co.*, 771 So. 2d 1143, 1151 (Fla. 2000) (citing *Barnett Bank of Palm Beach Cnty. v. Estate of Read*, 493 So. 2d 447, 448 (Fla. 1986)). Additionally, although we decline to address the propriety of the content of the proposed jury interrogatory pertaining to the statute of limitations defense, equally important is the fact that the verdict form interrogatory was timely proposed. *See* Fla. R. Civ. P. 1.470(b) (requiring written requests for jury instructions to be filed "[n]ot later than at the close of the evidence"). But the trump card upon which all parties to any litigation can virtually always rely is The Pretrial Stipulation.[2]

As such, we take this opportunity to remind judges and litigators that any previous skirmishes or dust-ups or contentious pretrial issues become mostly irrelevant once the parties prepare and stipulate as to the final agreed-upon "executive summary" as to what the impending trial is about and the specific issues that remain on the table. The Pretrial Stipulation is surely one of the most coveted and effective pretrial devices enjoyed by the trial court and all involved parties. *Cf. Broche v. Cohn*, 987 So. 2d 124, 127 (Fla. 4th DCA 2008) ("A stipulation that limits the

---

[2] The ability of a trial court to utilize this effective tool is granted through Florida Rule of Civil Procedure 1.200. Pursuant to rule 1.200(a)(11), at a case management conference, a trial court may require the parties to file "preliminary stipulations if issues can be narrowed." In addition, pursuant to rule 1.200(b)(1), a trial court may require parties to appear for a pretrial conference to determine "the simplification of the issues." Finally, rule 1.200(d) provides, "The court shall make an order reciting the action taken at a conference and any stipulations made. The order shall control the subsequent course of the action unless modified to prevent injustice."

issues to be tried 'amounts to a binding waiver and elimination of all issues not included.'" (quoting *Esch v. Forster*, 168 So. 229, 231 (Fla. 1936))).

Everyone connected with the trial—from witnesses unsure if they will ultimately be called to trial, to well-prepared and efficient lawyers— benefits from a mandated and thereafter duly enforced Pretrial Stipulation.

The Pretrial Stipulation is a powerful blueprint that fully enables a well-run and fair trial. "'[I]t is the policy of the law to encourage and uphold stipulations in order to minimize litigation and expedite the resolution of disputes.'" *Id.* (quoting *Spitzer v. Bartlett Bros. Roofing*, 437 So. 2d 758, 760 (Fla. 1st DCA 1983)). "'Pretrial stipulations prescribing the issues on which a case is to be tried are binding upon the parties and the court, and should be strictly enforced.'" *Id.* (quoting *Lotspeich Co. v. Neogard Corp.*, 416 So. 2d 1163, 1165 (Fla. 3d DCA 1982)).[3]

Whether or not the limitations issue was contained in the preliminary instruction to the jury or was referenced in the appellants' opening statement is of no consequence. Accordingly, we must reverse the portion of the judgment pertaining to the waste claim and remand for further proceedings to determine whether this claim is barred by the statute of limitations.

We find no merit in the remaining issues raised by the appellants.

*Affirmed in part, reversed in part and remanded for further proceedings.*

STEVENSON and GROSS, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] We candidly acknowledge the frenzied nature of a civil (and criminal) litigation practice and the tendency of The Pretrial Stipulation process to become tedious and time-consuming. But everyone involved in the impending trial ultimately reaps huge dividends during the fast paced, adrenaline-pumping "final act," that we call the trial.