DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT C. DART,**
Appellant/Cross-Appellee,

v.

**ARIANE DART,**
Appellee/Cross-Appellant.

No. 4D2024-1525

[January 7, 2026]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Darren D. Shull, Judge; L.T. Case No. 50-2019-DR-007552-XXXX-MB.

Nancy W. Gregoire Stamper of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Joel M. Weissman and Ashley Bolender of Joel M. Weissman, P.A., West Palm Beach, for appellant/cross-appellee.

Zachary R. Potter, Lawrence J. Hamilton II, and Fabiola M. Delgado Cruz of Rottenstreich Farley Bronstein Fisher Potter Hodas, LLP, West Palm Beach, for appellee/cross-appellant.

CONNER, J.

Husband appeals the final judgment dissolving his marriage. He asserts three grounds for reversal. Wife cross-appeals the trial court's denial of her claim for retroactive child support. We affirm without discussion the trial court's rulings as to Husband's appeal. On the cross-appeal, we reverse the trial court's denial of retroactive child support.

*Background*

Our background discussion of Wife's cross-appeal is limited to the history pertinent to the trial court's denial of retroactive child support.

Husband had considerable wealth when he met Wife, and the parties entered into a prenuptial agreement. During the marriage, the parties had two children.

Subsequently, Husband petitioned to dissolve the marriage and Wife counter-petitioned. One month after the case was filed, Wife moved for temporary relief, including child support. The next day, Husband objected to mandatory financial disclosure, arguing "finances [were] not an issue for the children in this lawsuit." Significantly, Husband's dissolution petition admitted he was obligated to pay the guideline amount of child support and did not request a downward deviation in the guideline amount of support he was obligated to pay.

The parties filed motions regarding the prenuptial agreement's validity and effect. Thereafter, the parties submitted an agreed order regarding the prenuptial agreement's choice of law. The agreed order provided: "Pennsylvania law shall govern interpretation and application of the terms and conditions of the parties' valid and enforceable Prenuptial Agreement excluding the issues of child support which shall be governed by Florida law." The same day, the trial court entered an agreed order regarding child support issues in response to Wife's motion for temporary child support. The agreed child support order stated:

ORDERED:

1. The Court shall address the Wife's application for child support (as contained in her Motion for Temporary Relief, DE 34) at the time of trial.

2. Any monthly child support amount determined by the Court, should the amount not have been paid (direct or indirect) by the Husband to the Wife, said amount shall be subject to the Court's requirement to provide amount(s) retroactively.

During the pendency of the dissolution proceeding, the parties' oldest child became an adult.

In orally ruling at the end of trial on the matter of child support, the trial court first addressed Wife's claim for retroactive child support (including retroactive support for the time the oldest child was a minor). The trial court denied any retroactive support. For reasons that are unclear from the record, the trial court stated:

The Court does not award retroactive child support in this case. There was an agreement that was in the—that was in the prenuptial agreement. She agreed to—the mother agreed to it. It was already agreed to. The law states—Florida law

2

states that unless it adversely affects the child, basically, and in no shape or form was there any evidence regarding the adverse effect on either of the children.

The trial court's final judgment likewise denied retroactive child support.

After the final dissolution judgment was entered and both parties' motions for rehearing were denied, both parties gave notice of appeal.

*Appellate Analysis*

Wife contends the trial court applied the wrong law by denying retroactive child support in violation of the agreed orders. More specifically, she argues that trial court's denial of retroactive child support essentially found that Wife had voluntarily paid Husband's child support obligation by waiting until the final hearing to address temporary support, and the children suffered no detriment. Wife further argues retroactive child support was mandatory and the trial court erred in determining the prenuptial agreement controlled retroactive child support.

Husband argues that the trial court did not base its denial of retroactive child support on the prenuptial agreement, but rather ruled that the children had no need for the retroactive support. Thus, Husband argues, as a matter of discretion, the trial court properly denied an award of retroactive child support.

The parties agree our review of the denial of retroactive child support, based on the interpretation of a prenuptial agreement, stipulation, or agreed pretrial order, is de novo. *See U.S. Bank Nat'l Ass'n v. Rodriguez*, 256 So. 3d 882, 884 (Fla. 4th DCA 2018) ("A trial court's interpretation of a contract [memorialized by an agreed order] is reviewed de novo." (citation omitted)); *Wiener v. The Country Club at Woodfield, Inc.*, 254 So. 3d 488, 491–92 (Fla. 4th DCA 2018) (same); *Jones v. Blue Ridge Mfg., LLC*, 353 So. 3d 69, 72–73 (Fla. 4th DCA 2022) ("Pretrial stipulations are interpreted using the same principles for interpreting written contracts. . . . When construing stipulations, a court should attempt to interpret it in line with the apparent intent of the parties." (quoting *Wiener*, 254 So. 3d at 491–92)). Absent consideration of a prenuptial agreement, stipulation, or agreed pretrial order, child support awards are reviewed for an abuse of discretion. *Coe v. Rautenberg*, 358 So. 3d 24, 27 (Fla. 4th DCA 2023) ("The standard of review regarding equitable distribution, timesharing, and child support is abuse of discretion.").

3

We first observe that below and on appeal, both parties agree that the prenuptial agreement did not control or affect the parties' obligation as to child support. Thus, we need not apply contract interpretation principles to resolve the retroactive child support matter. We again point out that the cross-appeal is limited to the issue of retroactive child support. Thus, the issue we address on cross-appeal is the effect of pretrial orders regarding how retroactive child support would be handled at trial.

On the same day in February 2022, almost two years before the final hearing, the trial court entered two agreed pretrial orders. The first agreed pretrial order ruled that child support was to be determined under Florida law, rather than Pennsylvania law. The second agreed order ruled that Wife's application for temporary child support would be addressed at trial and, most significantly, "[a]ny monthly child support amount determined by the [c]ourt, should the amount not have been paid (direct or indirect) by the Husband to the Wife, said amount shall be subject to the [c]ourt's requirement to provide amount(s) retroactively." More importantly, no subsequent nonfinal orders or stipulations modified the February 2022 agreed orders.

As we said in *Jones*, "[a] Pretrial Stipulation is a powerful blueprint that enables a well-run and fair trial[] . . . [that is] <u>binding upon the parties and the court</u>, and should be strictly enforced." 353 So. 3d at 74 (emphasis added) (quoting *Palm Beach Polo Holdings, Inc. v. Broward Marine, Inc.*, 174 So. 3d 1037, 1039 (Fla. 4th DCA 2015)). We further said: "It is axiomatic, however, that any such stipulations be clear, positive, definitive, and unambiguous." *Id.* Because the February 2022 orders discussed above were "agreed," we deem the legal principles regarding pretrial stipulations discussed in *Jones* and *Palm Beach Polo Holdings* applicable to those orders. We also conclude the February 2022 agreed orders were "clear, positive, definitive, and unambiguous."

Additionally, we agree with Wife that the legislature has made clear that child support is the parents' dual obligation, which is shared according to the parents' relative incomes. § 61.30(17), Fla. Stat. (2024). We also agree with the Second District that "the mother's ability to provide the child with [] basic needs [does not] excuse the father from supporting the child." *T.T.L. v. F.A.L.*, 367 So. 3d 1257, 1259 (Fla. 2d DCA 2023); *see also Johnson v. Johnson*, 297 So. 3d 700, 704–05 (Fla. 1st DCA 2020) ("The trial court erred in failing to fully consider retroactive child support, which is a dual obligation by both parents owed to the children."). As Wife points out, we have said: "Although the award of retroactive child support is discretionary, appellate courts routinely find it error to not award it." *Nierenberg v. Nierenberg*, 758 So. 2d, 1179, 1180 (Fla. 4th DCA 2000)

(citation omitted).  That is particularly true when one considers that child support is the child's right, not the parent's right.  *See Coffy v. Coffy*, 321 So. 3d 230, 230 (Fla. 4th DCA 2021) ("It is well-established under Florida law that parents cannot contract away their children's right to support.").

Because the parties agreed that retroactive child support would be considered at the final hearing and Husband's unpaid support during the pendency of the proceedings would be awarded as retroactive child support once Husband's ongoing child support obligation was determined, we hold the trial court erred in denying retroactive child support.

*Conclusion*

As discussed above, we affirm without discussion all the trial court's rulings in the final judgment dissolving the marriage, except for the denial of retroactive child support.  We reverse the denial of retroactive child support and remand for further proceedings to determine and award the appropriate amount of retroactive child support and the manner of payment.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

MAY and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**